IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT P. TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 5:21cv133 |
| SHERIFF JEFF NEAL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Robert Taylor, a former inmate of the Bowie County Jail Annex proceeding *pro se*, filed this civil action complaining of alleged deprivations of his constitutional rights. The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Sheriff Jeff Neal, Jail Administrator J. Wilson, and assistant jail administrator B. Page.

**I. Background**

Plaintiff has not contacted the Court since updating his address in December of 2021. Consequently, he has failed to prosecute his lawsuit, and the case may be dismissed on that basis. *See Wheatley v. Scott*, civil action no. 1:12cv317, 2018 U.S. Dist. LEXIS 114271 (E.D.Tex. 2018), *Report adopted at* 2018 U.S. Dist. LEXIS 114077 (E.D.Tex. 2018) (lawsuit dismissed for failure to prosecute after the plaintiff did not contact the Court for some two years; *Callier v. Cain*, civil action no. 3:11cv2144, 2012 U.S. Dist. LEXIS 93830 (W.D.La. 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 93835 (W.D.La. 2012) (stating that "indeed, the evidence suggests that he no longer wishes to pursue this matter since he has not contacted the court since he submitted his *in forma pauperis* application on January 25, 2012, some four months ago").

In addition, Plaintiff's lawsuit suffers from another flaw. His statement of claim reads, in its entirety, as follows:

> On or about August 29 I was placed in Annex I A 8 where there is black mold and it caused a severe sinus infection that I suffered severe pain and sickness. I filed a grievance on [sic] and nothing was done about it.

Plaintiff attaches a copy of his Step One grievance to his complaint. This grievance is dated October 6, 2021, and reads as follows:

> While living in A8 I got a sinus infection that I still have. I wrote 5 sick call requests without any response. I still have the infection that I believe it is caused by black mold in our living quarters. Nurses and officers told me to fill out another sick call that it might get answered.

The response to this grievance says that dust has accumulated above the cells and [illegible] is cleaning above bars and shower area; and that cleaning supplies are provided daily for each housing area. Dkt. No. 1-1.

## II. Screening

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a

probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

A plaintiff in a civil rights case must demonstrate not only a constitutional violation, but also personal involvement on behalf of those alleged to have violated the plaintiff's constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.") The Fifth Circuit has specifically held that a plaintiff must specify the personal involvement of each defendant in a § 1983 proceeding and "cannot make generalized allegations, nor can he support a claim based on any vicarious liability theory." *Murphy v. Kellar*, 950 F.2d 290, 292 n.7 (5th Cir. 1992). Generalized allegations do not suffice. *See Benfield v. Magee*, 945 F.3d 333, 338 (5th Cir. 2019) ("Warren's allegations, as is, are little more than 'naked assertions devoid of further factual enhancement.'")

In this case, Plaintiff simply identifies supervisory officials at the jail as Defendants in his lawsuit, with no indication of how they may be liable. To the extent Plaintiff asserts that the Defendants are liable because of their roles as supervisors, such a claim necessarily fails. The Supreme Court has held that the term "supervisory liability" in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. The Supreme Court rejected the contention that

government officials may be held liable merely because they had knowledge or acquiesced in their subordinate's misconduct. *Id.*

Instead, a supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Here, as noted above, Plaintiff has not alleged any facts showing that Defendants were personally involved in the incidents he describes, either directly or through the implementation of a custom or policy resulting in a constitutional deprivation. *Silva v. Moses*, 542 F. App'x 308, 310-11 (5th Cir. 2013); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (explaining that a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed.")

Although Plaintiff complains that he filed a grievance which was denied, this also does not show personal involvement by any of the named Defendants. Prisoners do not have a constitutionally protected interest in having their grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Similarly, the fact that a jail official may have received grievances and letters but did not take the corrective action which the prisoner believed appropriate does not show either a constitutional violation or personal involvement in such a violation. *Whitlock v. Stephens*, civil action no. 5:14cv94, 2016 U.S. Dist. LEXIS 169652 (E.D. Tex. 2016) (the fact that defendants received grievances and letters but did not take the corrective action the prisoner believed appropriate did not show a constitutional violation, much less personal involvement in such a violation) (*citing Cervantes v. Sanders*, civil action no. 2:98cv187, 1998 U.S. Dist. LEXIS 10887 (N.D.Tex. 1998) ); *Hunt v. Barry Telford Unit*, civil action no. 5:15cv152, 2017 U.S. Dist. LEXIS 43245 (E.D.Tex. 2017), *Report adopted at* 2017 U.S. Dist. LEXIS 42764 (E.D.Tex. 2017). Because Plaintiff wholly fails to allege any basis for liability on the part of the named Defendants, his lawsuit may be dismissed without prejudice for failure to state a claim upon

which relief may be granted. The Court notes that according to Plaintiff's complaint, his claim arose on August 29, 2021, giving him adequate time to re-file his lawsuit, should he choose to do so, within the two-year statute of limitations.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to state a claim upon which relief may be granted and for failure to prosecute.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 1st day of May, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE